IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA     *   CRIMINAL NO.17-00080 (PG)
Plaintiff                    *
                             *
v.                           *
                             *
JOSE LUIS RODRIGUEZ NUNEZ    *
Defendant                    *

**SENTENCING MEMORANDUM**

TO THE HONORABLE JUDGE PEREZ GIMENEZ:

COMES NOW, Mr. JOSE LUIS RODRIGUEZ NUNEZ through the undersigned attorney, and respectfully states and prays as follows:

1. There are no objections to the Presentence Report.

2. The corresponding Presentence Report was prepared and notified to the undersigned attorney. Such report was discussed with Jose Luis Rodriguez.

3. There is no Plea Agreement in this case, but the parties stated for the record at the Change of Plea Hearing that a recommendation of time served is sufficient but not greater than necessary.

**II. Mr. Rodriguez Nuñez Personal Characteristics:**

4. Mr. Rodriguez Nuñez is a humble construction worker and fisherman from Samana, Dominican Republic.

5. Was raised in a very poor neighborhood and household in Samana, where he had to quit school in 5Th grade to work in Agriculture with his dad due to the fact that he has 12 siblings and his parents needed the economic support to bring food to the table.

6. He is a father of 4 children. All of them live at the Dominican Republic with their respective mothers.

7. He has no history of the use of alcohol and controlled substances.

**III. Circumstances of the offense**

Mr. Rodriguez Nuñez embarked in Dominican Republic to Puerto Rico fleeing from his country due to the fact that a nephew killed his sister's husband and his ex-brother in laws family threated to kill him. All this information was provided to Border Patrol Agent Loskar Luhring after his arrest.

His sister, Jackeline Rodriguez Nuñez, filed an application for Asylum and for Withholding of Removal in this District for the reasons mentioned above.

**IV. Procedural Background**

Mr. Rodriguez Nuñez was arrested on January 23, 2017 and has been detained since at MDC Guaynabo. He was indicted in February 9, 2017 in violation of 8 U.S.C. section 1326 (a)(1) & 2. He made a straight plea on April 19, 2017. An expedite Presentence Report

was filed on April 25, 2017 and today we have reviewed it with Mr. Rodriguez Nuñez at MDC in the Spanish Language.

**V. Sentencing**

In *United States v. Booker*, 543 U.S. 245 (2005), the United States Supreme Court restored to Sentencing Judges the power to use their discretion in determining the appropriate sentence. Id. See also *Gall v. United States*, 552 U.S. 38 (2007); jointly with the arguments as to the proper sentence in each particular case "weighing the applicability of the sundry factors delineated in 18 U.S.C. section 3553. United States v. Martin, 520 F.3d 91; citing Gall v. United States, 522 U.S. 50.

According to the factors 18 USCA sec. 1553(a)," the court shall impose a sentence sufficient, but not greater than necessary," *to reflect the seriousness of the of the offense, to promote respect for the law, and to provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner."* Id.; *Kimbrough v. United States, 552 US 85, 101 (2007).*

The Sentencing determination in this case shall begin with the correct calculation of the particular's defendant's guideline. According to the Sentencing Guidelines Manual, the violation for the attempt to re-enter of a Removed Alien. The Base Offense level

is 8 as provided in section (a) of USSG 2L1.2. There are no enhancements found. For Acceptance of responsibility according to USSG section 3E1.1 a reduction of 2 levels applies. This results in a level offense level of 6. According to the Presentence report, Mr. Rodriguez Nuñez has a Criminal History of 1. This results in a Sentencing Guideline range of 0-6 months.

If The Court's agree with our sentencing guidelines calculation and the recommendation of the parties, a time served sentence shall be imposed. Also The Court should take into account the nature and circumstances of the offense and the reasons behing it.

WHEREFORE, for the reasons above stated, it is respectfully requested from this Honorable Court sentence Mr. Rodriguez Nuñez to the Recommended Sentence agreed by the parties of time served. In San Juan, Puerto Rico, April 27, 2017.

s/ *EDUARDO FERRER RIOS*
Eduardo Ferrer Ríos
USDC-PR-228101
P O Box 194985
San Juan, Puerto Rico 00919
939-205-2340
Eduardo.ferrer.rios@gmail.com